# CIRCUIT COURT OF THE CITY OF SUFFOLK

Michele D. Burr,
Administratrix
of the Estate of
Richard Lee Delahanty,
deceased

v.

Robert L. Chavis,
Kevin W. Lane,
Jesse H. Witt,
and R. C. Paving

December 2, 2008

Case No. CL 08-595

BY JUDGE RODHAM T. DELK

This case came before the Court on October 14, 2008, on numerous motions and was argued by counsel. This Opinion and Order addresses the plaintiff's motion to compel production of witness and party statements given to investigators acting on behalf of insurance carriers and the motions of Chavis and Lane as well as Progressive Specialty Insurance Company to quash the plaintiff's subpoena duces tecum.

The suit involves a wrongful death claim by the plaintiff against the defendants, R. C. Paving, Robert L. Chavis, Kevin W. Lane, and Jesse H. Witt for damages related to a collision between a dump truck and an automobile in which the decedent was a passenger.

The plaintiff, in her motion to compel, seeks discovery of statements concerning the accident made by witnesses and the defendants to investigators representing Progressive Specialty Insurance Company, a liability carrier having exposure for liability in this case. The specific issue before the Court and the subject of this opinion is the defendants' motion to quash and their claim of privilege as to those statements, as materials prepared in anticipation of litigation and work product.

For purposes of this Opinion and Order, the facts are summarized as taken from the plaintiff's Motion for Judgment in the light most favorable to the plaintiff.

The plaintiff is the administratrix of the estate of Richard Lee Delahanty. On May 19, 2008, Delahanty was a passenger in a 1994 Ford Escort automobile driven by the defendant, Jesse Witt. Witt stopped the automobile in the highway in order to turn, and the 1998 Ford dump truck, owned by the defendant, Robert L. Chavis, operated by the defendant, R. C. Paving, and driven by the defendant, Kevin Lane collided into the rear of the Witt vehicle. Delahanty died as a result of the collision.

The Court has reviewed Mr. Waterman's brief, which, while rather shrill in tenor, states his case. The Court has further reviewed the brief submitted by Mr. Salb on behalf of Progressive Specialty Insurance Company, as well as the pleadings and discovery requests in the court file.

It appears to the Court that the witness and party statements were taken by or on behalf of Progressive shortly after the accident and prior to the filing of this suit on July 24, 2008. There is no suggestion that the statements were taken by attorneys or that attorneys were otherwise involved with the statements, and the Court accordingly holds that they do not constitute privileged attorney work product.

The remaining issue is whether the statements constituted non-attorney work product taken in anticipation of litigation and, as such, are privileged under Rule 4:1(b)(3) of the Rules of the Supreme Court of Virginia. In this light, the Court has considered the opinion of former Virginia Circuit Court Judge Davis in *Wilson v. Norfolk and Portsmouth Belt Line RR.*, 69 Va. Cir. 153 (Portsmouth, 2005), in which Judge Davis adopted a federal procedural approach in considering this issue, which countenances a consideration of varying factors under a case-by-case approach.

The burden to show that the work product doctrine applies rests upon the party asserting the privilege. If the privilege applies, the materials are still discoverable if they are relevant to the case, the requesting party can show substantial need of them, and their substantial equivalent cannot be obtained without undue hardship. On this, the requesting party has the burden.

The likelihood of litigation arising from an accident is but one factor that this Court will consider. Countervailing factors which the Court considers to be relevant in this case include the elapse of time after the accident until the statements were taken, the immediacy of recollection when the statements were taken shortly after the accident, the importance of the availability of statements taken prior to sworn testimony (either in or out of court) for purposes of possible impeachment, and the possible suppression of relevant evidence which could relate to witness credibility.

In the end, the decision to compel production or to suppress rests in the discretion of the Court. *Rakes v. Fulcher*, 210 Va. 542, 546, 172 S.E.2d 751 (1970). Taken as a whole, the Court does not find that the statements taken by Progressive employees or agents necessarily constitute statements taken in anticipation of litigation as the doctrine pertains to the overall issue of work product. Furthermore, considering the factors stated above, the Court finds that the plaintiff has demonstrated sufficient need for them such that she is entitled to receive the statements notwithstanding that they might be considered privileged under different circumstances in another case.

Accordingly, the defendants' motion to quash is denied and the plaintiff's motion to compel is granted.

The plaintiff also seeks sanctions, which, in this case, the Court finds to be unmerited. The request for sanctions is accordingly denied.